**Israel Vega OSEGUERA,**
**Plaintiff–Appellant,**

v.

**Dennis WINTERS, Detective, individually; City of Los Angeles, a political subdivision of the State of California, Defendants–Appellees.**

No. 00–55749.

D.C. No. CV–98–2656–GAF.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 4, 2001 *.

Decided Oct. 17, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Samuel P. King, Senior United States District Judge for the District of Hawai'i, sitting by designation.

Before O'SCANNLAIN and PAEZ, Circuit Judges, and SAMUEL P. KING, District Judge.**

MEMORANDUM ***

Plaintiff Israel Vega Oseguera appeals the dismissal, for failure to state a claim, of his 42 U.S.C. § 1983 suit against Los Angeles Police Detective Dennis Winters and the City of Los Angeles. We have jurisdiction under 28 U.S.C. § 1291. Because the Defendants' motion should have been treated as a motion for summary judgment and the parties allowed to file all relevant additional material, we reverse. The facts and prior proceedings are known to the parties, and are restated herein only as necessary.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

When a district court dismisses a claim pursuant to a Federal Rule of Civil Procedure 12(b)(6) motion, "we evaluate the complaint de novo to decide whether it states a claim upon which relief could be granted . . . ." *Gonzales v. Metro. Transp. Auth.*, 174 F.3d 1016, 1018 (9th Cir.1999). All factual allegations set forth in the complaint "are taken as true and construed in the light most favorable to [p]laintiffs." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir.1996). A ruling on the appropriate statute of limitations is also reviewed de novo. *Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1149 (9th Cir.), *cert. denied*, 531 U.S. 929, 121 S.Ct. 309, 148 L.Ed.2d 247 (2000).

The issue in this case is whether Oseguera's amended complaint naming Winters and the City as defendants is time-barred or whether he complied with California's Doe pleading rule, California Civil Procedure Code § 474, which would toll the statute of limitations.

Prior to ruling on the Defendants' Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court asked the parties to submit supplemental declarations and briefing addressing what new information Oseguera learned before amending his complaint. Under Rule 12(b)(6), however, if the district court considers "matters outside the pleading . . ., the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed.R.Civ.P. 12(b). The dismissal must be reversed because the district court limited the parties to two additional pages of briefing and did not apply the appropriate standard for considering a summary judgment motion. Fed. R.Civ.P. 56(c) ("The judgment sought shall be rendered forthwith if . . . there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir.2001).

Upon remand, the district court should treat the Defendants' motion as one for summary judgment and permit the parties to introduce all relevant material. The critical question at the summary judgment stage is not what Oseguera should have known at the time he filed his complaint, but "whether [he] had actual knowledge of the basic facts giving rise to [his] claim . . . ." *Gen. Motors Corp. v. Jeffrey*, 48 Cal.App.4th 580, 55 Cal.Rptr.2d 871, 876 (1996) (as amended). "The fact that the plaintiff had the means to obtain knowledge is irrelevant." *Id.* at 880.

REVERSED and REMANDED.